1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10 | BRENT SAKAMOTO, on behalf of        ) Case No. SACV11-1249-MLG
11 | himself and all others similarly situated, )
                                          ) [~~PROPOSED~~] **ORDER**
12 |               Plaintiff,              ) **GRANTING MOTION FOR**
                                          ) **PRELIMINARY APPROVAL OF**
13 | v.                                    ) **CLASS ACTION SETTLEMENT**
                                          ) **AND SCHEDULING FINAL**
14 | ONE PARKING, INC.; ONE PARKING       ) **APPROVAL HEARING**
   | AGW, INC.; CITIGROUP GLOBAL          )
15 | MARKETS REALTY CORP.; and DOES       ) **HEARING**
   | 1 through 10, inclusive,              ) Date: April 3, 2012
16 |                                       ) Time: 10:00 a.m.
                                          ) Courtroom: 6A
17 |               Defendants.             ) Judge: Hon. Marc L. Goldman
                                          )

18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court has received the Settlement Agreement And Release (hereinafter sometimes referred to as "Settlement" or "Agreement"), entered into by and between Plaintiff Brent Sakamoto, individually and on behalf of the proposed Settlement Class, and Defendants One Parking, Inc. and One Parking AGW, Inc. (collectively referred to as "One Parking").

After reviewing the Agreement and other documents filed in support of Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:[1]

1.  The Court hereby grants preliminary approval of the proposed Settlement upon the terms and conditions set forth in the Agreement. The Court preliminarily finds that the terms of the proposed Settlement are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

2.  The Court orders that the following Settlement Class is preliminarily certified for settlement purposes only:

> "All consumers who, from July 1, 2010 through August 24, 2011, paid for parking at the GardenWalk parking facility (located at 321 West Katella Avenue in Anaheim, California) using their credit or debit card, and were provided with an electronically printed customer receipt containing more than the last five digits of their credit or debit card number."

3.  The Court finds that, for purposes of the Settlement, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(2) are satisfied and that (a) the Settlement Class is ascertainable, (b)

---

[1] Capitalized terms in this Order shall have the same meanings as in the Agreement, unless indicated otherwise.

the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation and will continue to do so, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court appoints Plaintiff Brent Sakamoto as the Class Representative for the Settlement Class.

5. The Court appoints attorney Chant Yedalian of Chant & Company A Professional Law Corporation as Class Counsel for the Settlement Class.

6. The Court preliminarily finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the Parties. In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Settlement Class, One Parking's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

7. The Court approves the proposed manner and content of the notice of Settlement set forth in the Agreement, including the Short-Form Notice, Long-Form Notice and Opt-Out Form attached to the Agreement as Exhibits B, C and D, respectively.

8. The Court finds that the proposed manner and content of the notice of Settlement set forth in the Agreement, including the Short-Form Notice, Long-Form Notice and Opt-Out Form attached to the Agreement as Exhibits B, C and D, respectively, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution and the requirements of due process. The Court further finds that the notice fully and accurately informs Settlement Class members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and be heard at the fairness (final approval) hearing.

9. Settlement Class members will have 60 days (commencing on the date the Short-Form Notice is first posted at the GardenWalk Parking Facility) to exclude themselves from the Settlement by returning to counsel for One Parking, by postal mail, a fully completed and signed Opt-Out Form in the form attached to the Agreement as Exhibit D. Settlement Class members who timely opt-out of the Settlement shall: (a) have no right to receive any benefits under the Settlement; (b) not be bound by the terms of the Settlement; and (c) not have any right to object to the terms of the Settlement or be heard at the fairness hearing.

10. Each Settlement Class member shall be given full opportunity to object to the proposed Settlement and to participate at the final approval hearing. Any Settlement Class member may, on his or her own, or through an attorney hired at his or her own expense, object to the terms of the Settlement or to any of the terms of the Agreement during a 60-day objection period (commencing on the date the Short-Form Notice is first posted at the GardenWalk Parking Facility). To be effective, any such objection(s) must be in writing, served on Class Counsel and Counsel for One Parking, and filed with the Court during the 60-day objection period. Any objections not raised properly and timely will be waived, unless otherwise permitted by the Court. Settlement Class members may file and serve their written

objection(s) by mail by mailing their written objection(s) to the Court, to Class Counsel and to Defense Counsel at each of their respective addresses set forth under the heading entitled "How Do I Tell the Court That I Don't Like the Settlement?" of the Long-Form Notice.  To be timely, an objection(s) must be postmarked within the 60-day period described herein.  Class Counsel shall file written responses to any written objection(s) at least seven days before the final approval hearing, provided, however, that failure to file a written response shall not bar Plaintiff or One Parking from presenting oral argument or evidence concerning such objection(s) at the final approval hearing.

11. Settlement Class members may ask the Court for permission to speak at the final approval hearing.  The Court will consider such a request from a Settlement Class member only if such a member timely files and serves a Notice of Intention to Appear, which includes the Settlement Class member's name, address, telephone number, and signature.  To be effective, any such Notice of Intention to Appear must be in writing, served on Class Counsel and Defense Counsel, and filed with the Court.  Settlement Class members may file and serve their written Notice of Intention to Appear by mail by mailing their Notice of Intention to Appear, to the Court, to Class Counsel and Defense Counsel at each of their respective addresses set forth under the heading entitled "How Do I Tell the Court That I Don't Like the Settlement?" of the Long-Form Notice.  To be timely, a Notice of Intention to Appear must be postmarked within 60 days, commencing on the date the Short-Form Notice is first posted at the GardenWalk Parking Facility.  Any Settlement Class member who fails to file and serve a timely written Notice of Intention to Appear shall be foreclosed from speaking at the final approval hearing, unless otherwise ordered by the Court.

12. The Court will hold a final approval hearing on June 21, 2012, at 10:00 a.m.  to consider the fairness, reasonableness and adequacy of the proposed Settlement as well as the award of fees, costs and incentive awards.

13.    Plaintiff's motion for final approval of class action settlement shall be filed with the Court on or before June 7, 2012.

14.    Pending final determination of whether the proposed Settlement should be approved, no Settlement Class member either directly, derivatively, in a representative capacity, or in any other capacity, shall commence, maintain or prosecute against One Parking, any action or proceeding in any court or tribunal asserting any of the settled claims, unless and until such Settlement Class member excludes himself/herself from the Settlement by timely returning a fully completed and signed Opt-Out Form as set forth in paragraph 9., above.

15.    Pending final determination of whether the proposed Settlement should be approved, all discovery and all proceedings are stayed, except for proceedings relating to the proposed Settlement.

IT IS SO ORDERED.

Dated: April 3, 2012    _____
                        HON. MARC L. GOLDMAN
                        United States Magistrate Judge