Chant Yedalian, State Bar No. 222325
(chant@chant.mobi)
CHANT & COMPANY
A Professional Law Corporation
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Phone: 424.901.8377
Fax: 424.744.4177
Counsel for Plaintiff
and the Settlement Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT SAKAMOTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE PARKING, INC.; ONE PARKING AGW, INC.; CITIGROUP GLOBAL MARKETS REALTY CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV11-1249 MLG<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS TO CLASS COUNSEL AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE**<br><br>[Filed concurrently with Declaration of Chant Yedalian; and [Proposed] Order, lodged herewith]<br><br>**HEARING**<br>Date:  June 21, 2012<br>Time:  10:00 a.m.<br>Courtroom: 6A<br>Judge: Hon. Marc L. Goldman |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT on June 21, 2012 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Marc L. Goldman in Courtroom 6A, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Brent Sakamoto, on behalf of himself and on behalf of the Settlement Class, will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure Rule 23 and the Settlement Agreement And Release (hereinafter sometimes referred to as "Settlement" or "Agreement")[1] for an Order:

1. Awarding $125,000 in reasonable attorney's fees and costs to Class Counsel Chant Yedalian of Chant & Company A Professional Law Corporation; and

2. Awarding $5,000 as an incentive payment to the Class Representative Brent Sakamoto.

This Motion is based upon this Notice of Motion and Motion, the Declarations, Exhibits and other documents filed concurrently in support thereof, the papers and pleadings on file in this action, and upon such other and further evidence as the Court may adduce at the time of the hearing.


Dated:  April 16, 2012                    CHANT & COMPANY
                                          A Professional Law Corporation


                                          By:   /S/ – Chant Yedalian
                                                Chant Yedalian
                                          Counsel for Plaintiff and the Settlement Class

---

[1]   A copy of the Agreement was previously attached as Exhibit 1 to Plaintiff's Motion For Preliminary Approval Of Class Action Settlement. Capitalized terms shall have the same meanings as in the Agreement, unless indicated otherwise.

MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS TO CLASS COUNSEL
AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE

# **<u>TABLE OF CONTENTS</u>**

**Page**

I.     INTRODUCTION…………………………………………………………1

II.    THE AWARD OF ATTORNEY'S FEES REQUESTED IS REASONABLE
       AND *WELL BELOW* CLASS COUNSEL'S LODESTAR…...……..……….1

       A.    Class Counsel's Lodestar……………………………………………2

             1.    Class Counsel Is *Not Seeking A Multiplier* to Enhance His
                   Lodestar, and Agreed to Accept a Modest Award, *Below His
                   Lodestar*…………………………...…..…………………...3

             2.     Attorney's Fees Were Negotiated Only After The Benefits To
                   The Class Were Secured, Will Be Paid For Separately By
                   Defendants, And Do Not Affect The Benefits To The Class…...3

             3.    Class Counsel Was Precluded From Other Employment……….3

             4.    Contingent Nature Of The Work Performed…………………..4

             5.    Novelty And Difficulty Of Issues And Additional
                   Risks Posed Thereby………………………………………….4

             6.    Results Achieved Through The Lawsuit And Settlement………5

III.   THE REQUESTED INCENTIVE PAYMENT TO THE CLASS
       REPRESENTATIVE IS REASONABLE……………………………………6

IV.    CONCLUSION…………………………………………………………....9

1

## <u>TABLE OF AUTHORITIES</u>

2

3

<u>**Federal Cases**</u>                                                                                                          **Page(s)**

*Craft v. County of San Bernardino*
      624 F.Supp.2d 1113 (C.D. Cal. 2008)……………….………………….....5-6

*Ingram v. The Coca-Cola Co.*
      200 F.R.D. 685 (N.D. Ga. 2001)…………………………..……………..6

*In Re Sumitomo Copper Litig.*
      74 F.Supp.2d 393 (S.D.N.Y. 1999)…………………………………………..4

*Jarchafjian v. American Multi-Cinema, Inc., et al.*
      CV09-03434 JHN (AJWx) (C.D. Cal.)……………………………………..9

*McGee, et al. v. Ross Stores, Inc, et al.*
      C06-7496 CRB (N.D. Cal.)…………………………………………………..9

*Perdue v. Kenny A.*
      599 U.S. ___, 130 S.Ct. 1662 (2010)…..……………….………….………2

*Rouse v. Law Offices of Rory Clark*
      603 F.3d 699 (9th Cir. 2010)……………………………………………...1-2

*Staton v. Boeing Co.*
      327 F.3d 938 (9th Cir. 2003)……………………………..……………...6-9

*Tchoboian v. Parking Concepts, Inc., et al.*
      SACV09-422 DMG (ANx) (C.D. Cal.) ……………………………………..9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3  **I.     INTRODUCTION**

4          On April 3, 2012, this Court held a hearing on and entered a written order

5  granting Plaintiff's Motion For Preliminary Approval Of Class Action Settlement.

6  Among other things, the Court's Order: (1) preliminarily found that the terms of the

7  proposed Settlement are fair, adequate and reasonable; (2) set opt-out, objection, and

8  notice of intention to appear deadlines; (3) set a final approval hearing date of June

9  21, 2012; and (4) required Plaintiff's motion for final approval of class action

10  settlement to be filed with the Court on or before June 7, 2012.  Docket #39, ¶¶ 1, 6,

11  9-13.  At the April 3, 2012 hearing, the Court also approved the filing of this instant

12  Motion (for an award of attorney's fees and costs to Class Counsel and incentive

13  award to the Class Representative) to be filed with the Court at least 30 days before

14  the objection deadline.

15          Consistent with the Court's approved schedule, this Motion is being filed at

16  least 30 days before the objection deadline.

17          Also consistent with the Court's approved schedule, a separate motion for

18  final approval of class action settlement, which will address, among other things,

19  any opt-outs or objections by Settlement Class members, will be filed on or before

20  June 7, 2012.

21

22  **II.    THE    AWARD    OF    ATTORNEY'S    FEES    REQUESTED    IS**

23          **REASONABLE AND *WELL BELOW* CLASS COUNSEL'S LODESTAR**

24          Use of the lodestar method in determining the amount of an attorney fee

25  award is well established in federal courts, including the Ninth Circuit:

26          "The 'lodestar method' is 'the fundamental starting point in determining

27          a ``reasonable attorney's fee.'' [citations.]   This method requires a court

28          to  multiply  'the  number  of  hours  the  prevailing  party  reasonably

- 1 -

1   expended on the litigation by a reasonable hourly rate.' [citation.]  The

2   lodestar figure is presumptively reasonable. [citations.]"  *Rouse v. Law*

3   *Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010); *see, e.g.*

4   *Perdue v. Kenny A.*, 599 U.S. ___, ___, 130 S.Ct. 1662, 1672 (2010)

5   ("`[t]he 'lodestar' figure has, as its name suggests, become the guiding

6   light of our fee-shifting jurisprudence´").

7

8   **A.    Class Counsel's Lodestar**

9        As evidenced in the time records filed herewith, to date Class Counsel has

10  already devoted **298.75 hours** to this matter.  Yedalian Declaration ¶ 4 and attached

11  time records.  This time includes, among other things, time incurred to prosecute the

12  lawsuit, negotiate the Settlement, draft the Settlement documents, move for and

13  obtain the Court's preliminary approval of the Settlement, and ensure that the

14  Settlement is properly administered and implemented through the Parties' agreed

15  upon self-administration process.  Yedalian Declaration ¶ 4.  Class counsel expects

16  to spend at least another **45 hours** in preparing the final approval motion, attending

17  the final approval hearing and tending to additional issues related to the Parties' self-

18  administration of the Settlement (including but not limited to responding to calls

19  from class and potential class members), thereby bringing the total time incurred in

20  this matter to an estimated minimum of **343.75 hours**.  Yedalian Declaration ¶ 4.

21       Using the loadstar formula explained above, multiplying Class Counsel's

22  hourly rate of $500 by 343.75 hours (298.75 hours incurred to date + 45 additional

23  hours estimated to be incurred) yields a base amount of $171,875 (which base

24  amount is known as the loadstar).  As is readily evident, the $125,000 in fees sought

25  is substantially below the $171,875 lodestar and evidences its reasonableness.

26  Yedalian Declaration ¶¶ 5-7.[2]

27

28  _____
    [2]   Class Counsel also incurred costs related to the prosecution of this matter.
    (Yedalian Declaration ¶ 7.)  In light of the fact that Class Counsel's lodestar far

The reasonableness of the $125,000 fee award is also supported by the following factors:

### 1. Class Counsel Is *Not Seeking A Multiplier* to Enhance His Lodestar, and Agreed to Accept a Modest Award, *Below His Lodestar*

The attorney's fees sought are modest relative to the amount of attorney time that has been devoted to this matter.  Class Counsel is ***not seeking a multiplier to enhance his lodestar.***  To the contrary, Class Counsel agreed to accept a modest fee award, ***below his lodestar***.  Yedalian Declaration ¶ 9.

It is therefore not surprising that Defendants do not oppose Class Counsel's fee request of $125,000 and have agreed to pay all of it.  Agreement ¶ 12.

### 2. Attorney's Fees Were Negotiated Only After The Benefits To The Class Were Secured, Will Be Paid For Separately By Defendants, And Do Not Affect The Benefits To The Class

As this Court is well aware, during a Settlement Conference before Magistrate Judge Goldman, Class Counsel negotiated and secured the benefits to the Settlement Class before engaging in any negotiation with the defense about attorney's fees.  Yedalian Declaration ¶ 10.  The requested fee award will be paid for separately by Defendants, does not in any way affect the benefits available to the Settlement Class, and Defendants have agreed to pay all of it.  Agreement ¶ 12.

### 3. Class Counsel Was Precluded From Other Employment

Class Counsel can only properly litigate a limited number of cases at one time.  The requirements of this litigation were significant, requiring, to date, over 298 hours of attorney time.  Due to the demands of litigating this matter, Class Counsel was precluded from taking other employment, which was available, and

---

exceeds the $125,000 which Class Counsel has agreed to accept, the costs become a moot point.

1  where counsel's time could have been otherwise spent (and likely without
2  compromising the lodestar as done in this matter).  Yedalian Declaration ¶ 11.

3  **4.    Contingent Nature Of The Work Performed**

4  Class Counsel undertook the lawsuit solely on a contingent basis, with no
5  guarantee of recovery.  Yedalian Declaration ¶ 12.  Class Counsel has placed at risk
6  his own time and resources to prosecute the lawsuit with no guarantee of success.

7  As explained in *In Re Sumitomo Copper Litig.*, 74 F.Supp.2d 393, 396
8  (S.D.N.Y. 1999):

9  "No one expects a lawyer whose compensation is contingent on
10  the success of his services to charge, when successful, as little as he
11  would charge a client who in advance of the litigation has agreed to pay
12  for his services, regardless of success."

13  **5.    Novelty And Difficulty Of Issues And Additional Risks**
14  **Posed Thereby**

15  From the outset of this litigation, prosecution of this matter has involved
16  significant additional risks for Class Counsel.  At the time Class Counsel agreed to
17  undertake the prosecution of this matter, and continuing to the present day, the Fair
18  and Accurate Credit Transactions Act ("FACTA") was and remains a relatively new
19  law which is still in the nascent stage of development.  Yedalian Declaration ¶¶ 14-
20  15.

21  FACTA and how the legal requirements for a "willful" violation of FACTA
22  will be applied to the particular facts of this case were and remain unsettled legal
23  questions and posed additional significant risks.   Yedalian Declaration ¶ 16.

24  Moreover, from the outset of this litigation, there were considerable risks as
25  to whether or not a class would be certified.  Absent a settlement, class certification
26  remains a hotly contested matter in this case.  Yedalian Declaration ¶ 17.

27  Additionally, and as further detailed in Plaintiff's Motion For Preliminary
28  Approval Of Class Action Settlement, unsettled constitutional issues concerning

FACTA's statutory damages presented additional issues and posed additional significant risks.  Yedalian Declaration ¶ 18.

### 6.    Results Achieved Through The Lawsuit And Settlement

It should not be lost on the Court that there is no known competing action currently pending against Defendants for the alleged FACTA violations at issue in this case.  It is only through the named Plaintiff's and Class Counsel's unrelenting efforts in prosecuting this matter that Settlement Class members will receive benefits if the Settlement is granted final approval.  Yedalian Declaration ¶¶ 19 and 25.

What is more, as set forth in the Settlement Agreement and explained in Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, the Settlement provides substantial benefits to the Class without requiring any Class member to present an offending receipt or make a written claim.  The fact that the Settlement also provides free parking to the members of the general public acts as a *cy pres* component and provides an additional benefit.  Yedalian Declaration ¶ 19.

Another benefit of this lawsuit and Settlement is the fact that the GardenWalk Parking Facility ceased printing more than the last 5 digits of credit and debit card numbers on customer receipts (Rodriguez Declaration ¶ 3), and, notwithstanding their ongoing denial of wrongdoing, both of the One Parking defendants have also agreed that they shall implement a written policy stating they will not print more than the last five digits or expiration date of a credit or debit card on any printed receipt provided to a customer of the GardenWalk Parking Facility (Agreement ¶ 7(b)).  The Settlement ensures that the One Parking defendants will not continue to violate the law, willfully, inadvertently or otherwise.  Such nonmonetary benefits are properly considered in judging the results of the Settlement.  *See*, *e.g.*, *Craft v. County of San Bernardino*, 624 F.Supp.2d 1113, 1121, (C.D. Cal. 2008) (taking into account fact that, in addition to monetary aspects, the defendant stopped the

1 practices at issue and explaining that "'Attorneys' fees [in class action cases] may be
2 awarded even though the benefit conferred is purely non-pecuniary in nature.'").

3

4 **III.   THE REQUESTED INCENTIVE PAYMENT TO THE CLASS**
5 **REPRESENTATIVE IS REASONABLE**

6      An award of $5,000 to the Class Representative, Brent Sakamoto, is
7 respectfully requested as an incentive payment to compensate him for his services
8 as the representative of the Settlement Class.  Defendants do not oppose this award
9 to the Class Representative.  Agreement ¶ 11.  Defendants have also agreed to pay
10 this amount and it is a separate payment that will not in any way affect the benefits
11 available to the Settlement Class.  Agreement  ¶ 11.  As Magistrate Judge Goldman
12 is well aware of, Class Counsel negotiated and secured the benefits to the
13 Settlement Class before engaging in any negotiation with the defense about an
14 incentive payment to the Class Representative.  Yedalian Declaration ¶ 24.

15      Incentive payments serve to reward named plaintiffs for the time and effort
16 expended on behalf of the class, and for exposing themselves to the significant risks
17 of litigation. "Courts routinely approve incentive awards to compensate named
18 plaintiffs for the services they provided and the risks they incurred during the course
19 of the class action litigation."  *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694
20 (N.D. Ga. 2001).  In *Coca-Cola*, for example, the court approved incentive awards
21 of $300,000 to each named plaintiff in recognition of the services they provided to
22 the class by responding to discovery, participating in the mediation process and
23 taking the risk of stepping forward on behalf of the class.  *Coca-Cola*, 200 F.R.D. at
24 694.

25      In assessing incentive payments, courts may apply the following guideposts
26 articulated in *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003):

27      "[N]amed plaintiffs, as opposed to designated class members who are not
28 named plaintiffs, are eligible for reasonable incentive payments. The district court

must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'" *Staton, supra,* 327 F.3d at 977.

Each of these factors, as it applies to the Class Representative in this case, is explained as follows:

First, were it not for the named Plaintiff stepping forward and shouldering the duties of protecting the interests of other Settlement Class members, it is likely the interests of the Settlement Class would neither have been prosecuted, nor benefited. Yedalian Declaration ¶ 25. The parties have acknowledged that, to their knowledge, there is no other litigation, either pending or anticipated, on a class or individual basis, concerning the claims in this lawsuit. Yedalian Declaration ¶ 25.

Moreover, the named Plaintiff, Mr. Sakamoto, has done all things reasonably expected of him in his capacity as Class Representative. Yedalian Declaration ¶ 26. Mr. Sakamoto was subjected to liability for defense costs in the event the litigation was unsuccessful. Yedalian Declaration ¶ 28. Mr. Sakamoto was subjected to intrusive discovery, including having his deposition taken in Irvine (Mr. Sakamoto resides in Norco). Yedalian Declaration ¶ 29. In advance of the deposition Mr. Sakamoto spent a significant amount of time with Class Counsel, both in-person and by phone, in preparation for his deposition. Yedalian Declaration ¶ 30. Throughout the litigation, Mr. Sakamoto regularly and consistently communicated with Class Counsel and reviewed relevant pleadings and documents and otherwise kept apprised of litigation related events and developments. Yedalian Declaration ¶ 31. Mr. Sakamoto participated in the settlement negotiations by being personally present at the Settlement Conference in Santa Ana before Magistrate Judge Goldman (again Mr. Sakamoto resides in Norco), and by providing his input to Class Counsel in the many rounds of negotiations and exchanges that preceded and

followed the Settlement Conference.  Yedalian Declaration ¶ 32.  Mr. Sakamoto also personally attended the February 9, 2012 hearing before Magistrate Judge Goldman wherein the Parties orally placed certain settlement terms on the record. Yedalian Declaration ¶ 32.  Mr. Sakamoto also participated in the process to finalize the written settlement terms and documents.  Yedalian Declaration ¶ 32.  In sum, Mr. Sakamoto contributed as much of his valuable time as this litigation demanded to ensure a vigilant prosecution of and favorable outcome for the best interests of the Settlement Class.  Yedalian Declaration ¶ 33.

Many of the facts supporting the first factor also support the second *Staton* factor in so far as that the Settlement Class has benefited from the Class Representative's actions.  It is fair to say that but for Mr. Sakamoto's actions, there would be no resulting benefit to individual Settlement Class members or the *cy pres* benefits to the public.  Moreover, it is only as a result of this lawsuit that the Defendants ceased their offensive conduct.  Rodriguez Declaration ¶ 3.

In analyzing the resultant benefits, the Court should also consider the fact that the benefits negotiated as part of the Settlement will be made available on a non-claims made, non-proof basis, thereby substantially easing the path for Settlement Class members to take advantage of the resultant benefits.

The fact that the Court has already made a preliminary finding that the Settlement is fair, adequate and reasonable, supports the significance of the benefits achieved through the Class Representative's initiative and perseverance.

Third, Mr. Sakamoto devoted a considerable amount of time, in-person and by phone, to pursue this litigation.  Mr. Sakamoto devoted approximately 55-60 hours to this litigation.  Yedalian Declaration ¶ 34.  By definition, the time Mr. Sakamoto devoted to this litigation was time spent away from his work and or leisure in an effort to advance the interests of the entire Class.

Although the fourth *Staton* factor (fear of workplace retaliation) is not applicable to this type of case, a similar concern, the Class Representative being

subjected to intrusive discovery and liability for defense costs in the event the litigation was unsuccessful are factors discussed in connection with the first factor, above.

Having considered the *Staton* factors, the Class Representative and Class Counsel believe the requested incentive payment for the valuable time and resources contributed to advance the litigation is fair and reasonable. Moreover, the amount requested is in line with incentive awards in other FACTA class action cases including *Jarchaffian v. American Multi-Cinema, Inc., et al.*, CV09-03434 JHN (AJWx) (C.D. Cal.) (awarding $5,000 incentive payment to the class representative); *Tchoboian v. Parking Concepts, Inc., et al.*, SACV09-422 DMG (ANx) (C.D. Cal.) (awarding $5,000 incentive payment to the class representative), and *McGee, et al. v. Ross Stores, Inc, et al.*, C06-7496 CRB (N.D. Cal.) (awarding *each* of the *two* class representatives a $5,000 incentive payment). Yedalian Declaration ¶ 35.

## IV.   CONCLUSION

The attorney's fees requested by Class Counsel and the incentive payment requested by the Class Representative are justified by the significant time devoted to this litigation, the risks undertaken, and the results achieved.

The Class Representative and Class Counsel respectfully request that the Court grant this Motion and sign and enter the proposed Order submitted herewith.

Respectfully submitted,

Dated: April 16, 2012                  CHANT & COMPANY
                                       A Professional Law Corporation

                                       By: ___/S/ – Chant Yedalian___
                                            Chant Yedalian
                                       Counsel for Plaintiff and the Settlement Class

- 9 -