Chant Yedalian, State Bar No. 222325
(chant@chant.mobi)
CHANT & COMPANY
A Professional Law Corporation
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Phone: 424.901.8377
Fax: 424.744.4177
Counsel for Plaintiff
and the Settlement Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT SAKAMOTO, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ONE PARKING, INC.; ONE PARKING AGW, INC.; CITIGROUP GLOBAL MARKETS REALTY CORP.; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. SACV11-1249 MLG<br><br>**DECLARATION OF CHANT YEDALIAN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS TO CLASS COUNSEL AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE**<br><br>**HEARING**<br>Date:  June 21, 2012<br>Time:  10:00 a.m.<br>Courtroom: 6A<br>Judge: Hon. Marc L. Goldman |

## <u>DECLARATION OF CHANT YEDALIAN</u>

I, Chant Yedalian, declare as follows:

I am an attorney at law licensed to practice before all of the courts of the State of California and have been admitted to practice before this Court.  I am the attorney for the named Plaintiff Brent Sakamoto and Class Counsel for the Settlement Class certified by the Court.  As such, I have personal knowledge of, or am informed and believe, the following facts herein stated.  If called as a witness, I could and would testify competently to the following:

1.     This Declaration is made in support of Plaintiff's Motion For Award Of Attorney's Fees And Costs To Class Counsel And Incentive Payment To The Class Representative.

### Attorney's Fees

2.     I respectfully request an award of attorney's fees of $125,000 for the attorney time I have devoted to this litigation.

3.     Although Ninth Circuit law does not require submission of actual time records to support a fee award, to the extent it would be of assistance to the Court, attached hereto is a true and correct copy of my attorney time records itemizing, by date, description and number of hours, the work I performed in this matter.  Some of the information in the attached time records has been redacted since it is or may be privileged, such as dates corresponding to entries prior to the filing of the initial complaint.

4.     As is set forth in the attorney time records attached hereto, to date I have devoted a total of **298.75 hours** to this matter.  This time includes, among other things, time incurred to prosecute the lawsuit, negotiate the Settlement, draft and/or revise multiple Settlement related documents, move for and obtain the Court's preliminary approval of the Settlement, and ensure that the Settlement is properly administered and implemented through the Parties' agreed upon self-

administration process.  I expect to spend at least another **45 hours** in preparing the final approval motion, attending the final approval hearing and tending to additional issues related to the Parties' self-administration of the Settlement, thereby bringing the total time incurred in this matter to an estimated minimum of **343.75 hours**.

5.     My reasonable hourly rate for this matter is $500.00 per hour.    This rate is based in part on my qualifications and experience, a brief summary of which is set forth in paragraphs 36-50, below.

6.     One difficulty in determining hourly rates of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee-paying clients in class action litigation.  As a practical matter, few if any consumers pay attorney fees on an hourly basis for class action litigation, and thus retainer agreements in such cases are based upon contingency fees determined by the marketplace.  Therefore, there is no customary billing rate, but the nature of class action work, which requires specialized learning and the willingness to take large risks, should be strongly considered by the Court.

7.     Based upon my hourly rate of $500 multiplied by the 343.75 hours of attorney time (298.75 hours incurred to date + 45 additional hours estimated to be incurred) my lodestar equals $171,875.  As is readily evident, the $125,000 in fees sought is substantially below the $171,875 lodestar and evidences its reasonableness. [1]

8.     While I believe the time records submitted herewith and results speak for themselves, I believe the reasonableness of the $125,000 fee award is also supported by the following factors:

9.     The attorney's fees sought are modest relative to the attorney time that has been devoted to this matter.  Yet, I agreed to accept a modest fee award below my lodestar.

---

[1]   I have also incurred costs related to the prosecution of this matter. However, in light of the fact that my lodestar far exceeds the $125,000, the costs become a moot point.

DECLARATION OF CHANT YEDALIAN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES
AND COSTS TO CLASS COUNSEL AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE

10.    As Magistrate Judge Goldman is also well aware of, I negotiated and secured the benefits to the Settlement Class before engaging in any negotiation with the defense about attorney's fees.   Pursuant to the Settlement Agreement, the requested fee award will be paid for separately by the One Parking Defendants, does not in any way affect the benefits available to the Settlement Class, and the One Parking Defendants have agreed to pay all of it.  (Agreement ¶ 12.)

11.    A practice like mine can only properly litigate a limited number of cases at one time.  The requirements of this litigation were significant, requiring, to date, over 298 hours of attorney time.  Due to the demands of litigating this matter, I was precluded from taking on other matters, which were available, and where my time could have been otherwise spent (and likely without compromising my lodestar as I have agreed to do in this matter).

12.    I undertook this lawsuit solely on a contingent basis, with no guarantee of recovery.

13.    This Court can appreciate that litigating a high-stakes and time-consuming class action case against large corporate defendants represented by able counsel, with litigation reasonably expected to last several years, is not appealing to most lawyers.

14.    From the outset of this litigation, prosecution of this matter has involved significant additional risks.

15.    The Fair and Accurate Credit Transactions Act ("FACTA") was and remains a relatively new law which is still in the nascent stage of development.

16.    FACTA and how the legal requirements for a "willful" violation of FACTA will be applied to the particular facts of this case were and remain unsettled legal questions and posed additional significant risks.

17.    Moreover, from the outset of this litigation, there were considerable risks as to whether or not a class would be certified.  Absent a settlement, class certification remains a hotly contested matter in this case.

DECLARATION OF CHANT YEDALIAN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS TO CLASS COUNSEL AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE

18.   Additionally, and as further detailed in Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, unsettled constitutional issues concerning FACTA's statutory damages presented additional issues and posed additional significant risks.

19.   As set forth in the Settlement Agreement and explained in Plaintiff's Motion For Preliminary Approval Of Class Action Settlement, the Settlement provides substantial benefits to the Class without requiring any Class member to present an offending receipt or make a written claim.  The fact that the Settlement also provides free parking to the members of the general public acts as a *cy pres* component and provides an additional benefit.

20.   Another benefit of this lawsuit and Settlement is the fact that the GardenWalk Parking Facility ceased printing more than the last 5 digits of credit and debit card numbers on customer receipts (Rodriguez Declaration ¶ 3), and, notwithstanding their ongoing denial of wrongdoing, both of the One Parking defendants have also agreed that they shall implement a written policy stating they will not print more than the last five digits or expiration date of a credit or debit card on any printed receipt provided to a customer of the GardenWalk Parking Facility (Agreement ¶ 7(b)).  I believe that the Settlement ensures that the One Parking defendants will not continue to violate the law, willfully, inadvertently or otherwise.

21.   I have borne, and continue to bear, the entire risk of litigation associated with the lawsuit on a pure contingency basis.  The factual and legal issues posed in the lawsuit were highly disputed, and there were also risks as to whether or not a class would be certified and, if certified, whether a judgment would be favorable.   The unsettled constitutional issues concerning FACTA's statutory damages presented additional issues and posed additional risks.

22.   I believe that the fees requested are justified by the results achieved, the significant time incurred and risks undertaken.  The One Parking Defendants have

1  agreed to pay the entirety of the fees sought and the fees do not in any way affect the

2  benefits available to the Settlement Class.  (Agreement ¶ 12.)

3

4  **Incentive Payment for the Class Representative**

5      23.    I respectfully request that the Court award $5,000 to the Class

6  Representative, Brent Sakamoto, as an incentive payment to compensate him for his

7  services as the representative of the Settlement Class.  The One Parking Defendants

8  have agreed to pay this amount and it is a separate payment that will not in any way

9  affect the benefits available to the Settlement Class.  (Agreement ¶ 11.)

10     24.    As Magistrate Goldman is well aware of, I negotiated and secured the

11 benefits to the Settlement Class before engaging in any negotiation with the defense

12 about an incentive payment to the Class Representative.

13     25.    Were it not for the named Plaintiff stepping forward and shouldering

14 the duties of protecting the interests of other Settlement Class members, it is likely

15 the interests of the Settlement Class would neither have been prosecuted, nor

16 benefited.  To my knowledge, there is no other litigation, on a class or individual

17 basis, concerning the claims in this lawsuit.

18     26.    Moreover, the named Plaintiff, Mr. Sakamoto, has done all things

19 reasonably expected of him in his capacity as Class Representative.

20     27.    Mr. Sakamoto assisted me in developing the factual background

21 involved in the case, such as his experiences at the GardenWalk Parking Facility.

22     28.    Mr. Sakamoto was subjected to liability for defense costs in the event

23 the litigation was unsuccessful.

24     29.    Mr. Sakamoto was subjected to intrusive discovery, including having

25 his deposition taken in Irvine (Mr. Sakamoto resides in Norco) for which I was

26 personally present and which I defended.

27     30.    In advance of the deposition Mr. Sakamoto spent a significant amount

28 of time with me, both in-person and by phone, in preparation for his deposition.

31.     Throughout the litigation, Mr. Sakamoto regularly and consistently communicated with me and, based upon my discussions with him, I know that he reviewed relevant pleadings and documents and otherwise kept apprised of litigation related events and developments.

32.     Mr. Sakamoto participated in the settlement negotiations by being personally present, along with me, at the Settlement Conference in Santa Ana before Magistrate Judge Goldman (again Mr. Sakamoto resides in Norco), and by providing his input to me in the many rounds of negotiations and exchanges that preceded and followed the Settlement Conference.  Mr. Sakamoto also personally attended the February 9, 2012 hearing before Magistrate Judge Goldman wherein the Parties orally placed certain settlement terms on the record.  Mr. Sakamoto also participated in the process to finalize the written settlement terms and documents.

33.     In sum, I believe Mr. Sakamoto contributed as much of his valuable time as this litigation demanded to ensure a vigilant prosecution of and favorable outcome for the best interests of the Settlement Class.

34.     Based upon my review of the time records and my discussions with him, I estimate that Mr. Sakamoto devoted approximately 55-60 hours to this matter.

35.     I believe the requested incentive payment to Mr. Sakamoto for the valuable time and resources he contributed to advance the litigation is fair and reasonable.  Moreover, the amount requested is in line with incentive awards in other FACTA class action cases including *Jarchaffian v. American Multi-Cinema, Inc., et al.*, CV09-03434 JHN (AJWx) (C.D. Cal.) (awarding $5,000 incentive payment to the class representative); *Tchoboian v. Parking Concepts, Inc., et al.*, SACV09-422 DMG (ANx) (C.D. Cal.) (awarding $5,000 incentive payment to the class representative), and *McGee, et al. v. Ross Stores, Inc, et al.*, C06-7496 CRB (N.D. Cal.) (awarding *each* of the *two* class representatives a $5,000 incentive payment).

DECLARATION OF CHANT YEDALIAN IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY'S FEES
AND COSTS TO CLASS COUNSEL AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE

**Qualifications of Counsel**

36.    I am an attorney and a consumer activist.

37.    As an attorney, I have had extensive experience in consumer related lawsuits, including complex cases, coordinated matters, multidistrict litigations ("MDL") and class actions and other representative suits (including suits filed under California Business and Professions Code Section 17200 before and after its amendment by Proposition 64).

38.    I have been appointed class counsel on several occasions in both federal and state courts.

39.    I have extensive experience with cases, like the instant case, which allege violations of the FACTA.

40.    I have personally handled various aspects of FACTA litigation, including, but not limited to, class certification.

41.    My efforts have resulted in the certification of several FACTA class actions where certification was contested by the defense.   *See*, *e.g.*, *Tchoboian v. Parking Concepts, Inc., et al.*, SACV09-422 DMG (ANx) (C.D. Cal.); *McGee, et al. v. Ross Stores, Inc, et al.*, C06-7496 CRB (N.D. Cal.); *Klimp v. Rip Curl, Inc., et al.*, SACV07-1383 JVS (FFMx) (C.D. Cal.).

42.    In addition to successfully certifying FACTA class actions on a contested basis, I have successfully prosecuted to conclusion several FACTA cases on a class basis.   *E.g., Jarchafjian v. American Multi-Cinema, Inc., et al.*, CV09-03434 JHN (AJWx) (C.D. Cal.); *Tchoboian v. Parking Concepts, Inc., et al.*, SACV09-422 DMG (ANx) (C.D. Cal.); *McGee, et al. v. Ross Stores, Inc, et al.*, C06-7496 CRB (N.D. Cal.); *Clark v. Stein Mart, Inc., et al.*, CV07-197 RC (C.D. Cal.).

43.    I have handled several putative class action cases before the Judicial Panel On Multidistrict Litigation. I have argued before the Judicial Panel On Multidistrict Litigation.  I have also served as a lead counsel on behalf of plaintiffs

1  in an MDL.  *In Re: The TJX Companies, Inc. Fair and Accurate Credit*
2  *Transactions Act (FACTA) Litigation*, MDL Case No. 07-md-1853 (D. Kansas).

3     44.   I was among one of the first attorneys in the nation to prosecute
4  FACTA cases.

5     45.   I have personally conducted extensive research concerning FACTA,
6  including the statute's legislative history.  I have personally authored or co-authored
7  various briefs and have personally and actively participated in discovery and various
8  other matters in many FACTA cases, including this case.  For example, on April 5,
9  2007, I successfully opposed a Motion to Dismiss in *Anriette Pirian v. In-N-Out*
10  *Burgers*, 2007 WL 1040864 (C.D. Cal. 2007).  The *Pirian* decision has since been
11  cited by multiple other district courts in denying defense motions to dismiss.  I also
12  participated in opposing a defense summary judgment motion, which on November
13  5, 2007 resulted in an extensive 24-page published opinion by the Honorable
14  Margaret M. Morrow denying summary judgment in a FACTA case, *Nicola*
15  *Edwards, et al. v. Toys "R" Us- Delaware, Inc., et al.*, 527 F.Supp.2d 1197 (C.D.
16  Cal.).

17     46.   Although FACTA litigation is a relatively new area of the law (given
18  the statute's most recent effective date of December 4, 2006), I am no stranger to
19  "cutting-edge" litigation involving consumer rights.  I have been involved in various
20  novel and "cutting edge" litigation involving the enforcement of consumer rights,
21  including statutory rights and constitutional rights.  I am a sincere believer in
22  protecting the rights of consumers and am committed to act in their best interests.
23  For example, I have personally (as a party and lead attorney) filed lawsuits to help
24  preserve access to the court and jury system.  I filed *Yedalian v. Kaiser Foundation*
25  *Health Plan, Inc., et al.* (L.A. Superior Court Case No. BC288469), which was a
26  lawsuit against several of California's largest HMO's challenging the enforceability
27  of their arbitration clauses and asserting that their representations to their patient
28  members - that binding arbitration is a member's only means of legal recourse to

resolve disputes with their HMO - are false and misleading and violate state consumer protection laws. *Yedalian* ultimately resulted in a landmark settlement with the Kaiser and PacifiCare groups of defendants (respectively the State's largest and fifth largest HMO's) requiring the HMO's to provide written notification to patient members concerning their rights when disputes arose.

47.     My expertise in protecting consumer rights has been recognized and sought by various organizations. For example, when the late Peter Jennings decided to air a special, multiple-part series on consumer arbitration clauses on ABC World News Tonight with Peter Jennings, the producers of the show requested my services as a consultant, and I agreed to provide same, ultimately resulting in information and materials which were used in the series, including an interview of one of my clients whose then pending case was featured on the series as a result of my consulting services. My work and experiences have been featured in multiple other venues including radio, television, newspapers, magazines, etc.

48.     My work on behalf of consumers does not end with my legal efforts as an attorney. I believe I am specially well suited to represent consumers because, in addition to my legal experience, I am a consumer activist. I have worked hand-in-hand with various consumer protection organizations including the Foundation for Taxpayer and Consumer Rights ("FTCR"), Cal PIRG, AARP, Congress of California Seniors, Sierra Club and others to promote and preserve consumer rights. For example, I along with the FTCR and the California Nurses Association held the very first campaign in Oakland, California spearheading the movement to defeat Proposition 64 (which sought to amend California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.). This was followed by editorial board meetings and rallies and other grass-root type events throughout California to defeat Proposition 64, in which I actively participated. Several of the organizations I have worked with including the FTCR and AARP have written articles about my consumer related efforts.

49.    In addition to working with consumer organizations, I have also worked with members of the community such as musicians and other artists to create content to educate and galvanize the public on consumer related issues.  An example of one such project, which I produced, directed, and co-wrote, is a video parody about the high-cost of prescription medications confronting seniors and other residents of the United States (viewable at www.todaysspecial.org).

50.    In sum, I believe my experience and expertise as a consumer attorney, my genuine interest in protecting consumer rights, and my work to date in FACTA litigation, including but not limited to this case, adequately qualify me to serve as Class Counsel on behalf of the best interests of the consumer Settlement Class.

51.    I do not know of any conflict of interest between myself or my company and any member of the Settlement Class which should or would preclude me from representing the Settlement Class.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 16th day of April 2012 at Los Angeles, California.


/S/ – Chant Yedalian
CHANT YEDALIAN
Declarant

**Brent Sakamoto, et al. v. One Parking, Inc. et al.**
U.S.D.C. Case No. SACV11-1249 JVS (MLGx)

**ATTORNEY TIME**

| Date | Atty | Description | Time (:60 = 1 hour) |
|------|------|-------------|---------------------|
| ▓▓▓▓ | CY | Emails from and to MM followed by call re potential case referral | :35 |
| ▓▓▓▓ | CY | Initial call with potential client today re potential FACTA case; email from MM to anticipate call and follow-up emails to and from thereto; | 1:50 |
| ▓▓▓▓ | CY | Receive fax copy of receipt and other info from potential client  and review; begin researching entities that may be responsible | 3:25 |
| ▓▓▓▓ | CY | Continue research of entities | :20 |
| ▓▓▓▓ | CY | Further call with potential client today re current status of review | :30 |
| ▓▓▓▓ | CY | Drive to Anaheim and investigate location; further research including pacer research | 5:20 |
| ▓▓▓▓ | CY | Further call with potential client today to update status of further review and research | :50 |
| ▓▓▓▓ | CY | Review documents obtained earlier and prepare retainer agreement and related and mail in duplicate to potential client; call potential client to inform that mailed today and to expect it shortly | 3:20 |
| ▓▓▓▓ | CY | Call with potential client and confirm meeting for this weekend in Brea, will call back to agree upon specific location; begin drafting complaint | 1:45 |
| ▓▓▓▓ | CY | Download web pages from oneparking and gardenwalk sites; save info from SOS site; continue drafting complaint; call with potential client re weekend meeting, will confirm | 3:55 |
| ▓▓▓▓ | CY | Call with potential client confirming meeting and place and materials to bring tomorrow | :10 |

1

| | | | |
|---|---|---|---|
| ███ | CY | Meet with potential client today, he signed retainer agreement, reviewed complaint, and I addressed his questions | 5:15 |
| ███ | CY | Prepare and finalize all complaint related case initiating documents for filing | 3:35 |
| 08/22/11 | CY | File complaint and other case initiating documents in person; call with client to update on status and next steps; compile and email pdf copies of filed case initiating documents to Court's civil intake department; prepare local rule 7-3 and 23-3 request for conference letter re class certification for service; obtain most recent agent of process info for two of the defendants; research service issues related to the third defendant (which does not have an agent designated for California), make determination on service issue, and locate process server in Delaware who will serve in particular region and prepare and provide instructions and documents for that server and follow-up emails related thereto; prepare and provide instructions and documents to court service for service on other two defendants | 8:45 |
| 08/23/11 | CY | Further emails from and to process server in delaware and make payment; review order status with process server in california and call re same | :30 |
| 08/24/11 | CY | Multiple emails from and to process server in delaware to resolve affidavit related issues; call with california process server to address delay on service orders | 1:35 |
| 08/25/11 | CY | Send client filed copies of all case initiating documents; and prepare and send initial depo prep questionnaire for client | :45 |
| 08/26/11 | CY | Receive and review proofs from california process server re two defendants and email to correct/clarify clerical errors as to both; call with client to update on status and explain documents that were mailed yesterday; receive and review revised proofs | 1:05 |
| 09/03/11 | CY | Review letter from counsel for Citi, review documents related to Citi intervenor motion to lift stay from other case regarding foreclosure of subject property and begin drafting letter in response | 2:15 |

2

| 09/05/11 | CY | Continue reviewing documents from other Citi case and finalize letter to Citi's counsel re his claims, motion to dismiss, etc. | 2:35 |
|----------|-----|---|------|
| 09/06/11 | CY | Email and fax letter to Citi's counsel | :05 |
| 09/07/11 | CY | Review voicemail and emails from Citi's counsel and send email response; initial research of issues stated in his letter and prepare questions for call; review voicemail and email from counsel for One Parking and call and have discussion re extension he requested and other initial case related issues | 2:45 |
| 09/08/11 | CY | Prepare additional questions for Citi's counsel and have call with him to discuss same; email One Parking's counsel re Citi's desire to have his info to speak with him and request permission to share and receive response thereto | 1:40 |
| 09/09/11 | CY | Review stip proposed by Citi's counsel re extension and respond with comments and revisions; email citi's counsel providing info for one parking's counsel and email one parking's counsel providing citi's info | :25 |
| 09/12/11 | CY | Review email from citi's counsel requesting further revisions to stip and email inquiring about basis therefor | :05 |
| 09/13/11 | CY | Review revised stip proposed by citi and email counsel with revisions and review response to same; review email notice of ntc interested parties re citi | :20 |
| 09/15/11 | CY | Emails from and to counsel for one parking re proposed stip extending time, review and respond with revisions, review final version; and further emails re summons and party issues; return voicemail from client and discuss updates to date | 1:05 |
| 09/16/11 | CY | Review summons and party related issues from yesterday's emails with counsel for one parking and email pos for one parking, inc., review email re ntc errata filing correcting event | :20 |
| 09/20/11 | CY | Prepare service list and pos and serve initial order following filing of complaint on defendants | :20 |
| 09/21/11 | CY | Emails from and to defense counsel confirming acceptance of service by email of initial order | :05 |

3

| 09/26/11 | CY | Review of declaration and various property related documents sent by counsel for Citi today; also compare with other info I had and other that acquired | 3:35 |
|---|---|---|---|
| 09/27/11 | CY | Receive further follow-up email from counsel for Citi today; call with client to discuss developments, including info provided by citi's counsel and make determination thereon; continue review of relevant documents and prepare email with requested revisions to declaration and send to cit's counsel | 3:05 |
| 09/28/11 | CY | Forward email with comments to citi's counsel and response thereto | :05 |
| 10/05/11 | CY | Initial review of order setting rule 26(f) scheduling conference | :10 |
| 10/06/11 | CY | Receive and review defense email re revised declaration, review revised declaration and related exhibits and respond to email, prepare notice of dismissal re citi entity | 2:20 |
| 10/09/11 | CY | File notice of dismissal re citi entity | :15 |
| 10/13/11 | CY | Initial review of answer and ntc of interested parties of one parking filed today | :10 |
| 10/25/11 | CY | Email defense re conference of counsel for class cert motion | :10 |
| 10/27/11 | CY | Send follow-up email to defense re conference of counsel re class cert | :05 |
| 10/28/11 | CY | Call and leave voicemail message for defense and follow-up email | :10 |
| 10/31/11 | CY | Local Rule 7-3 conference of counsel with defense counsel | :15 |
| 11/01/11 | CY | Call with client and update him on status | :40 |
| 11/02/11 | CY | Call and leave defense voicemail re possible Rule 23 factors stip which was supposed to get back to me on, and send follow-up email re same; begin drafting class cert motion | 6:15 |
| 11/03/11 | CY | Continue drafting class cert motion, call with client re his declaration, and continue drafting class cert related documents | 7:35 |

4

| 11/04/11 | CY | Further call with client re his declaration | :10 |
|----------|-----|---------------------------------------------|------|
| 11/07/11 | CY | Call with client to expect remaining class cert materials shortly; continue drafting class cert motion | 5:15 |
| 11/08/11 | CY | Return defense call and speak with him re possible settlement and related issues and schedule Rule 26 conference of counsel; continue drafting class cert pleadings; begin drafting outline for Rule 26(f) report | 5:45 |
| 11/09/11 | CY | Call with client to update him on status re call with defense yesterday and on class cert; compile and mail class cert documents to client | :35 |
| 11/10/11 | CY | Continue drafting outline for rule 26 report; prepare for call with defense, receive call from defense requesting to continue call, agreed to continue call to tomorrow | 1:05 |
| 11/11/11 | CY | Conference call with defense re Rule 26(f) report; finalize joint report draft and prepare adr program questionnaire and email to defense; call with client re declaration | 2:45 |
| 11/12/11 | CY | Call with client re class cert and documents and call with defense | :30 |
| 11/13/11 | CY | Receive signed dec from client and communications re same, add legislative history exhibit | :20 |
| 11/14/11 | CY | File class cert motion and related documents; compile filed documents for courtesy copy delivery; prepare attorney service instructions for courtesy copy delivery and submit | 1:55 |
| 11/15/11 | CY | Call with attorney service re courtesy copy delivery | :10 |
| 11/16/11 | CY | Receive and review voicemail and email from defense; multiple calls with defense and client re negotiation of global agreement re scheduling, settlement conference, deposition and other discovery issues, etc., call with Clerk for Magistrate re avail dates; prepare ADR forms to send to defense | 5:40 |

| 11/17/11 | CY | Call with client re latest status and confirmation of dates; multiple emails from and to defense re stip, proposed orders and related, review drafts thereof and make redlined revisions and return to defense, review and approve final versions | 1:15 |
|---|---|---|---|
| 11/18/11 | CY | Call with Denise, Relief Clerk, that 1/4 and 1/18 are no longer avail.  Emails to and from defense re same and multiple follow-up calls re revised dates, revised stip. etc., call with Relief Clerk to tentatively reserve 1/25/11, call with client re status and avail for new date; revise stip and proposed order and send to defense for filing | 1:45 |
| 11/21/11 | CY | Review order entered today on first stip; prepare and serve Rogs Set 1 on both of the one parking defendants | 1:40 |
| 11/22/11 | CY | Send reminder email to defense re status of their comments to Rule 26(f) joint report and receive response thereto; receive and review defense comments and make further redlined revisions to report and adr questionnaire and send to defense for their further review and comment; receive further defense comments and incorporate same into joint report and adr questionnaire and further emails re same; file joint report and adr questionnaire and send to defense for courtesy copy delivery | 2:15 |
| 11/28/11 | CY | Receive and review order on stip setting revised dates re class cert and settlement conference | :05 |
| 11/29/11 | CY | Receive and review order by Magistrate re settlement conference and requirements and dates; call with client re same | :25 |
| 12/01/11 | CY | Receive order continuing scheduling conference to 2/13/11, call with client re same and scheduling of depo prep for monday | :20 |
| 12/05/11 | CY | Meet with client in Norco for initial round of depo prep | 7:50 |
| 12/06/11 | CY | Review depo notice from defense and emails to and from defense concerning dates and times scheduling and also have call with client re same | :25 |

6

| 12/08/11 | CY | Receive and initial review of defense subpoena to equipment installer and RFP set one to plaintiff; compile copies of case documents, review and prepare additional questions for client for depo prep; meet with client in Norco for second round of depo prep | 9:15 |
| 12/09/11 | CY | Receive and respond to email from defense requesting call; have call with defense re depo and discovery issues | :20 |
| 12/14/11 | CY | Meet with client in Norco for depo prep | 8:25 |
| 12/15/11 | CY | Receive and respond to email and voicemail messages from defense; find place in Irvine to meet with client before depo; call with client re scheduling and meet time and place for tomorrow | :35 |
| 12/16/11 | CY | Meet with client in Irvine before depo, do final review and go to defense office in Irvine for depo | 7:55 |
| 12/19/11 | CY | Email defense requesting status of info re number and dates of receipts promised to be provided by 12/16/11 | :10 |
| 12/20/11 | CY | Receive and respond to email from defense; have call with defense wherein defense provided info re number of receipts, dates, equipment and related issues; call with client re same and on possible settlement demand structures and lack of certain information; prepare notes re missing info and related issues and plan to call defense re same | 2:40 |
| 12/21/11 | CY | Email from and to defense requesting call re additional settlement demand/structure related issues; calls with defense re same; call with client re latest info provided; begin drafting initial settlement demand and incorporating info into demand and framework | 4:35 |
| 12/22/11 | CY | Send confirming email to defense re discovery extension; finalize and send settlement demand to defense | 1:50 |
| 01/08/12 | CY | Review defense counteroffer; call with client re same and discuss how to respond thereto | 1:25 |
| 01/10/12 | CY | Prepare and send to defense Plaintiff's response to defense counter-offer; prepare and serve Plaintiff's Rule 26 Initial Disclosures | 5:05 |

| 01/11/12 | CY | Return call with defense per their request to discuss plaintiff's response | :10 |
|---|---|---|---|
| 01/13/12 | CY | Prepare Settlement Conference Brief and provide to Court along with enclosed documents | 6:20 |
| 01/19/12 | CY | Receive and return call with client re latest status | :10 |
| 01/24/12 | CY | Call with client re settlement conf tomorrow and meeting location details; review defense email re tomorrow and documents | :15 |
| 01/25/12 | CY | Participate in Settlement Conference in Santa Ana | 9:35 |
| 01/26/12 | CY | Review and respond to email from defense re time issues regarding settlement negotiations and state understanding for their written confirmation | :15 |
| 01/27/12 | CY | Receive email confirmation from defense re understanding on settlement discussions and respond to same with attached information | :15 |
| 01/30/12 | CY | Respond to defense email and voicemail, and calls with defense and client re further settlement negotiations and issues | 1:30 |
| 01/31/12 | CY | Receive and have calls with defense re further settlement negotiations and issues | :50 |
| 02/01/12 | CY | Multiple calls and emails from and to defense re settlement negotiations and stipulation to continue; prepare notes on declaration/confirmatory discovery issues; calls with client re latest settlement issues and negotiations; begin drafting short-form agreement | 6:10 |
| 02/02/12 | CY | Multiple calls and emails from and to defense re further settlement negotiations and issues; multiple calls with client re same; continue drafting short form agreement and circulate draft to defense; calls and emails with defense, calls with client, and emails from and to Magistrate Goldman's Clerk re hearing and parties' and counsels' availability for next week | 5:25 |
| 02/03/12 | CY | Receive and review order on stip continuing dates | :05 |

8

| 02/06/12 | CY | Receive and review drafts of confirmatory declaration drafts from defense and calls with defense re revisions/materials to be covered and drafting of settlement terms | 2:25 |
|---|---|---|---|
| 02/07/12 | CY | Receive revisions to terms sent last week to defense, review and calls with defense re same; call with client re status | 1:45 |
| 02/08/12 | CY | Calls and emails with defense negotiating terms of the settlement, call with client re tomorrow hearing | 6:20 |
| 02/09/12 | CY | Appear in Santa Ana before Magistrate to place settlement on record | 4:15 |
| 02/10/12 | CY | Prepare first draft of long-form settlement agreement and circulate to defense; call with defense re notice of settlement and request to vacate dates, prepare and circulate notice and request to vacate dates and emails re same | 9:50 |
| 02/15/12 | CY | Receive and have call with defense re order rejecting request to vacate dates | :15 |
| 02/20/12 | CY | Receive draft from defense; multiple emails to and from defense re disputed issues; prepare latest draft of long form and revisions and circulate to defense; prepare and file supp declaration in support of class cert motion | 6:35 |
| 02/21/12 | CY | Received email and call from defense and returned call and discussed long-form settlement latest draft | :50 |
| 02/29/12 | CY | Review latest revisions from defense, prepare latest draft and circulate to defense along with history of issues and reasons for revisions; further emails to and from defense and make further revisions and circulate to defense; call and emails to client re status | 5:40 |
| 03/01/12 | CY | Prepare drafts of Exhibits B-D to the long-form settlement agreement and circulate to defense; receive email from defense re signature pages to long form | 6:15 |
| 03/02/12 | CY | Begin preparing motion for preliminary approval, proposed order and CY decl; leave voicemail with defense; emails to and from defense to schedule call re outstanding issues; calls with client | 12:15 |

| 03/03/12 | CY | Continue motion for preliminary approval and related documents | 10:35 |
|---|---|---|---|
| 03/04/12 | CY | Conference call with defense re outstanding issues, continue drafting motion and related documents and circulate draft to defense; call with client re status | 2:15 |
| 03/05/12 | CY | Receive Defense declaration and request change; Receive and review revised declaration; receive email from defense re requested change to long-form and their request for call and have call with defense re same; make requested change and circulate latest documents to defense; calls with client re status and email follow-ups; finalize motion and related; file motion and related documents and email to defense re same | 5:30 |
| 03/07/12 | CY | Receive email from Court Clerk for Judge Selna re consent and request to file notice of lodging and also send non-filed document to her; prepare document and file and send non-filed form also; related emails with defense | :50 |
| 03/08/12 | CY | Review order reassigning case; email Court Clerk for Magistrate Goldman re new date, re-noticing questions/issues for prelim approval motion and receive response thereto; related emails with defense; prep and file amended notice; call with client and update re current status | 1:15 |
| 03/11/12 | CY | Call with programmer to inquire about availability | :10 |
| 03/13/12 | CY | Email defense re withdrawing written discovery to plaintiff and receive confirmation thereto | :10 |
| 03/21/12 | CY | Email Court Clerk inquiring about previously scheduled Scheduling Conference date and if still on, and follow up emails thereto | :10 |
| 03/26/12 | CY | Begin drafting motion for fees and incentive awards | 4:15 |
| 03/27/12 | CY | Continue drafting motion for fees and incentive awards; begin drafting CY dec in support thereof and proposed order; begin drafting website notice; email defense phone number which class may use | 8:40 |
| 03/30/12 | CY | Continue draft and email programmer draft | :35 |

10

| 04/02/12 | CY | Leave voicemail with defense re admin/dates issues and receive and have call with defense re same | :20 |
|---|---|---|---|
| 04/03/12 | CY | Appear for prelim approval motion in Santa Ana; update client; receive and respond to email from Clerk re proposed order; call with defense re posting of notice on location; continue prep and modification of documents for website; calls, emails and work with web programmer, etc. | 9:45 |
| 04/05/12 | CY | Receive and review written order re prelim approval and minutes | :10 |
| 04/14/12 | CY | Finalize class counsel fees and costs motion and incentive award to class rep and related dec and proposed order | 3:55 |
| //////////// | /////// | /////////////////////////////////////////////////////////////////// | /////////////////// |
| **TOTAL ATTORNEY TIME** | | | **298.75 hours** |
| //////////// | /////// | /////////////////////////////////////////////////////////////////// | /////////////////// |

11